Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
02/10/2025
CT Log Number 548367834

### Service of Process Transmittal Summary

**TO:**    Shanna Gohlke, Legal Assistant
BAY LTD.
1414 Corn Product Rd
Corpus Christi, TX 78409-3020

**RE:**    **Process Served in Louisiana**

**FOR:**   Berry Contracting, LP  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SOUTHLAND STEEL FABRICATORS, INC. vs. BERRY CONTRACTING, LP |
| **CASE #:** | 00069471 |
| **PROCESS SERVED ON:** | C T Corporation System, Baton Rouge, LA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/10/2025 at 09:49 |
| **JURISDICTION SERVED:** | Louisiana |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Shanna Gohlke  gohlkes@bayltd.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 3867 Plaza Tower Dr. |
| | Baton Rouge, LA 70816 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Feb 10, 2025
**Server Name:**             Drop Service

| Entity Served | BERRY CONTRACTING, LP |
|---|---|
| Case Number | 00069471 |
| Jurisdiction | LA |

| Inserts | | |
|---|---|---|
| | | |



·CITATION    **FOR SERVICE**

SOUTHLAND STEEL FABRICATORS, INC.

Versus

CONTINENTAL CASUALTY COMPANY



Case: 00069471
Division: B
25th Judicial District Court
Parish of Plaquemines
State of Louisiana

To:  BERRY CONTRACTING, LP D/B/A BAY, LTD.
     CT CORPORATION SYSTEM
     3867 PLAZA TOWER DRIVE
     BATON ROUGE, LA 70816

**YOU ARE NAMED AS A DEFENDANT** in the above-captioned matter, the **Petition** of which (a true and correct copy exclusive of exhibits) accompanies this Citation. You must either comply with the demand contained in the petition or make an appearance either by filing an answer or pleading in the 25th Judicial District Court in and for the Parish of Plaquemines, State of Louisiana within the delays provided in La. Code of Civil Procedure Article 1001 & 1151 (recited below) under penalty of default.

          ***IMPORTANT:  IF YOU ARE UNSURE OF WHAT TO DO AS A RESULT OF THIS NOTICE,
                    YOU SHOULD IMMEDIATELY CONSULT A QUALIFIED ATTORNEY, AS
     THE CLERK OF COURT AND COURT OFFICIALS ARE PROHIBITED FROM OFFERING LEGAL ADVICE.***

La. Code of Civil Procedure Article 1001 states:

*Art. 1001. Delay for answering*
     *A. A defendant shall file his answer within twenty-one days after service of citation upon him, except as otherwise provided by law. If the plaintiff files and serves a discovery request with his petition, the defendant shall file his answer to the petition within thirty days after service of citation and service of discovery request.*
     *B. When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.*
     *C. The court may grant additional time for answering.*

La. Code of Civil Procedure Article 1151 states:

*Art. 1151. Amendment of petition and answer; answer to amended petition*
     *A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.  He may be ordered to amend his petition under Articles 932 through 934.  A defendant may amend his answer once without leave of court at any time within ten days after it has been served.  Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.*
     *A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.*

     WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE, at Belle Chasse, Louisiana, on this Thursday, January 30, 2025.

Req. By:
JOHN M MADISON III
ATTY FOR PLTF

*Lane Hochstet*
_____
Deputy Clerk of Court for
*Hon. Kim Turlich-Vaughan*
*Plaquemines Parish Clerk of Court*
P.O. Box 40 • Belle Chasse LA 70037
(504) 934-6610 • *www.clerk25th.com*

SHERIFF – PLEASE PROVIDE SERVICE INFORMATION HERE:

RECEIVED
DATE

FEB 07 2025

E.B.R. Sheriff's Office

[ ORIGINAL ]

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

SOUTHLAND STEEL FABRICATORS, INC.

v.

BERRY CONTRACTING, LP d/b/a BAY, LTD.
and CONTINENTAL CASUALTY COMPANY

SUIT # 69471 DIVISON B

25TH JUDICIAL DISTRICT COURT

PARISH OF PLAQUEMINES

STATE OF LOUISIANA

## PETITION

The Petition of SOUTHLAND STEEL FABRICATORS, INC. ("Southland"), a Louisiana corporation with its principal place of business in Greensburg, Louisiana, respectfully represents and avers as follows:

1.

Made Defendants herein are:

A. BERRY CONTRACTING, LP D/B/A BAY LTD. ("Bay"), a Texas limited partnership with its principal place of business in Corpus Christi, Texas. It may be served through its registered agent, CT Corporation System, located at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816; and

B. CONTINENTAL CASUALTY COMPANY ("Continental"), a surety company which is domiciled in Chicago, Illinois and is authorized to do business in Louisiana. Continental may be served through its registered agent, Louisiana Secretary of State, located at 8585 Archives Ave., Baton Rouge, Louisiana 70809.

2.

Jurisdiction and venue are proper in this Court because this case involves a claim for money owed to Plaintiff arising out of work performed and incorporated into a construction project located in Plaquemines Parish, Louisiana.

### I.    FACTUAL BACKGROUND

3.

Venture Global Plaquemines LNG, LLC ("VG") is developing and building a large-scale industrial liquid nitrogen gas ("LNG") liquefaction and export facility on an approximately 630 acres site in Plaquemines Parish along the Mississippi River ("LNG Project").

4.

As part of the first phase of the overall LNG Project, VG contracted with Bay to serve as the prime contractor to build and install a portion of the LNG Project known as the "Module

1

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Fabrication Pre-Assembled Racks". In general, this portion of the LNG Project involved the construction of pre-fabricated modules off-site which were then transported to the LNG Project site for assembly and incorporation as component parts of the necessary equipment for the processing and export of LNG.

5.

In connection with its work on the LNG Project, Bay procured a "Subcontractor Payment Bond" ("Payment Bond") from Continental whereby Bay, as principal, and Continental, as surety, obligated themselves to pay the debts of Bay arising out of its work on the LNG Project. The obligation includes the obligation to pay all claimants, including Bay's subcontractors, for their respective labor, materials, services, and equipment furnished in connection with the LNG Project. The payment bond issue by Continental is in the sum of $85,000,000. A true and correct copy of Continental's Payment Bond is attached hereto as <u>Exhibit 1</u>, and incorporated herein by reference.

6.

In order to perform the work, Bay retained Southland to fabricate and otherwise provide the required steel modules and other components for the "Module Fabrication Pre-Assembled Racks" portion of the LNG Project. Bay retained Southland via Purchase Order No. 0216094 ("PO No. 216094") for the original contract price of $82,776,609.00.

7.

On or about August 3, 2023, Bay issued Southland Change Order Number 1 to PO No. 216094 for an additional $17,976,906.16, which consisted of the following four items:

    a. .Item 01: COR#001 New Unit Rate – Warehouse Premium: New Unit Rate Added for Warehouse Premium;

    b. Item 02: COR#002 New Unit Rates – Catwalks MPS and Checker Plans;

    c. Item 03: COR#04R2 New Unit Rates Pre-Fireproof Application; and

    d. Item 04: COR#006 Optimized Schedule.

8.

On or about September 15, 2023, Bay issued Change Order Number 2 to PO No. 216094 for an additional $10,049,575.00.

2

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

9.

On or about December 21, 2023, Bay issued Change Order Number 0003r1 to PO No. 216094 for an additional $1,650,185.00, associated with additional column chocks, additional bolt procurement, and oversize bolts not within the original scope of work.

10.

On or about April 15, 2024, Bay issued Change Order Number 0004R1 to PO No. 216094 for an additional $437,046.05, associated with expediting lifting lugs, detailing for stick build for certain modules, and cable tray support revisions not within the original scope of work.

11.

Subsequently, on September 11, 2023, Bay issued Purchase Order No. 229895 for Southland to fabricate and supply LPS4 modules for the LNG Project for an initial contract price of $28,259,739.00.

12.

In addition to the above referenced Purchase Orders and Change Orders, Bay requested that Southland accelerate production of certain steel fabrication modules and further represented that Southland would be compensated for the additional costs incurred to expedite and/or optimize the detailing, fabrication, and supply of the steel modules and other components requested by Bay.

13.

Bay also requested that Southland remake certain steel components that Bay had misplaced, and Bay represented that Southland would be compensated for the additional costs to remake the misplaced steel components.

14.

At all times, Southland fully and satisfactorily performed its scope of work in compliance with all requirements applicable to Southland's scope of work and otherwise performed all of its contractual obligations in a timely and workmanlike manner.

15.

Throughout the course of its work, Southland submitted its invoices to Bay in a timely manner and as otherwise directed by Bay. However, despite the fact that Bay does not dispute that Southland performed all of the work as directed by Bay and that Southland's work conformed to

3

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

the requirements of the applicable contract documents, Southland has not been fully paid for its work on the LNG Project and is currently owed the principal amount of $9,429,498.98.

## II.    CAUSES OF ACTION

### Count 1 – Breach of Contract

16.

The preceding paragraphs are incorporated by reference as if fully set out herein.

17.

Bay materially breached its contractual agreements with Southland by failing to pay for the satisfactory work performed by Southland. In addition, Bay made binding modifications to the parties' contractual agreements but has refused to compensate Southland for the work that Bay ordered Southland to perform.

18.

Despite Southland's satisfactory performance of the work, Bay has failed to remit payment for the agreed-upon amounts, leaving an unpaid balance owed to Southland in the principal amount of $9,429,498.98. This breach entitles Southland to recover: (1) the unpaid principal balance of $9,429,498.98; (2) Legal interest from the due date of payment until paid; and (3) attorney's fees and costs incurred in enforcing its rights under the contracts.

### Count 2 – Claim under Continental's Payment Bond

19.

The preceding paragraphs are incorporated by reference as if fully set out herein.

20.

Defendant, Continental, executed a "Payment Bond" bearing No. 30154775 to guarantee, as Surety, payment for labor and materials supplied to Bay on the LNG Project. Continental's Payment Bond secured Bay's obligations to pay its subcontractors and suppliers, including Southland.

21.

Under La. R.S. 9:4812(C)(1), the "Payment Bond" guarantees payment to all persons having a claim against Bay and to whom Bay is conventionally liable for work performed on the LNG Project.

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

22.

Furthermore, Continental's "Payment Bond" states, in part, as follows:

A Claimant is defined as one other than the Obligee having a contract with the Principal or with a direct subcontractor of the Principal to supply labor and/or materials and such labor and/or materials are actually used, consumed, or incorporated in the performance of the construction work under the Subcontract.

The Principal and Surety hereby jointly and severally agree with the Obligee that every Claimant as herein defined who has not been paid in full before the expiration of a period of ninety (90) calendar days after the date on which the last of such Claimant's work or labor was done or performed or materials were furnished by such Claimant under the Subcontract, may bring suit on this bond, prosecute the suit to final judgment for the amount due under Claimant's contract for the labor and/or materials supplied by the Claimant which were used, consumed or incorporated in the performance of the work, and have execution thereon; provided, however, that a Claimant shall have a right of action on this bond only if said Claimant notifies the Principal and Surety in writing of Claimant's claim within ninety (90) calendar days from the date on which said Claimant supplied the last labor and/or materials for which the claim is made.

Surety shall have thirty (30) calendar days from the date a Claimant notice and supporting documentation is received by the Surety to investigate the claim to determine if it is undisputed. On or before the end of this investigatory period and if the claim is undisputed, the Surety will Notify the Obligee and Agent in writing of the existence of an undisputed claim and insist the Principal pay the claim. The Obligee's address for notice is 1001 19th Street North, Suite 1500, Arlington, VA 22209. The Agent's address for notice is 527 Logwood Avenue, San Antonio, Texas 78221. If the Principal does not make payment within seven (7) calendar days from the date Surety provides notice, the Surety will:

    a.  Immediately provide financial and/or other assistance to the Principal to assist the Principal in paying the Claimant to satisfy the claim: or

    b.  Immediately pay the Claimant directly to satisfy the claim.

23.

The "Payment Bond" further provides that "Failure to deliver a copy of this bond to any Claimant will result in the nullification of the ninety (90) day notice required in section 2 above." At no time during the course of the work or within 90 days thereafter, did Bay deliver a copy of the "Payment Bond" to Southland. Therefore, Southland was not required to comply with the 90-day notice provision therein.

24.

Southland had a direct contract with Bay to supply labor and/or materials and Southland's labor and/or materials were actually used, consumed, and incorporated in the performance of the construction work on the LNG Project. Therefore, Southland qualifies as a claimant under Continental's "Payment Bond".

5

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

25.

As a claimant, Southland has satisfied all conditions precedent for recovery under Continental's "Payment Bond," including, but not limited to, issuing written notice and demand for payment to Bay and Continental on November 18, 2024.

26.

Furthermore, by failing to pay Southland for its work on the LNG Project, Bay is in breach of its contractual agreements with Southland for which Continental is liable under the express terms of the "Payment Bond" and under Louisiana law.

27.

By virtue of it issuing and supplying a "Payment Bond" for the benefit of Southland and in the capacity of surety to Bay, Continental is liable for the amounts claimed herein by Southland under the provisions of La. R.S. 9:4812(C)(1), the "Payment Bond", La. Civil Code Art. 3035, *et seq.,* and other applicable law. Continental is also liable due to Southland's third-party beneficiary status arising out of the surety agreement between Bay and Continental.

**Count 3 – Claim Under La. R.S. 9:4802**

29.

The preceding paragraphs are incorporated by reference as if fully set out herein.

30.

On November 12, 2024, Southland caused to be filed and recorded with the Clerk of Court and Recorder of Mortgages for the Parish of Plaquemines a *Statement of Claim and Privilege* ("Lien") as Book 859 Page 1138 File Number: 2024-00004279. A true and correct copy of Southland's Lien attached hereto as Exhibit 2, and incorporated herein by reference.

31.

By recording the above referenced Lien, Southland has a claim against Bay under La. R.S. 9:4802, to secure Bay's obligation to pay for the price of the work and/or materials furnished to the LNG Project by Southland.

**Count 4 – Open Account**

32.

The preceding paragraphs are incorporated by reference as if fully set out herein.

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

33.

Southland supplied goods and services to Bay under a continuing credit arrangement that qualifies as an open account under La. R.S. 9:2781. More specifically, Bay and Southland entered into Purchase Orders No. 0216094 and No. 229895, which were supplemented by subsequent change orders. Additional scope changes and requests from Bay resulted in ongoing transactions where goods and services were periodically billed, creating a continuous credit relationship.

34.

Bay currently owes Southland for unpaid amounts under this open account relationship. Southland issued amicable demand for payment on November 18, 2024, but Bay has failed to remit payment. Pursuant to La. R.S. 9:2781, Southland is entitled to (1) the unpaid balance of $9,429,498.98, (2) attorney's fees and costs incurred in prosecuting this claim, and (3) interest from the date of demand until paid.

### Count 5 – Unjust Enrichment/Quantum Meruit

35.

The preceding paragraphs are incorporated by reference as if fully set out herein.

36.

In the alternative, Bay and/or Continental are liable to Southland for enrichment without cause pursuant to La. Civ. Code Art. 2298, *et seq.*

37.

In reliance upon its agreement with Bay, Southland furnished labor, materials and services to Bay in the amounts set forth herein.

38.

Bay accepted and benefitted from the labor, materials and services provided by Southland.

39.

By accepting the benefit of Southland's services, Bay made an implied promise to pay Southland for the value of the benefit received by Bay from such labor, materials and services.

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

40.

Accordingly, Southland is entitled to judgment against Bay and Continental for the value of the benefits received by Bay for such labor, materials and services furnished by Southland, plus interest, under the theory of unjust enrichment and/or quantum meruit.

### III.  DEMAND FOR JURY TRIAL

41.

Southland demands a trial by jury on all issues so triable.

### IV.  PRAYER

WHEREFORE, Plaintiff, Southland Steel Fabricators, Inc., prays for judgment in its favor, and against the Defendants, Berry Contracting LP d/b/a Bay Ltd. and Continental Casualty Company, *in solido*, in the principal amount of not less than $9,429,498.98, plus all damages, penalties, costs, expenses, attorney's fees, pre and post judgment interest, and for all other appropriate relief found reasonable in the premises.

Respectfully Submitted:

**KRACHT MADISON HUDDLESTON, LLP**

5149 Bluebonnet Boulevard
Baton Rouge, LA 70809
(225) 291-4568 – *Phone*
(225) 291-4569 – *Facsimile*

Eric A. Kracht, La. Bar Roll No. 07912
John M. Madison III, La. Bar Roll No. 26394
Jacob B. Huddleston, La. Bar Roll No. 35832
Gerald J. Asay, La. Bar Roll No. 31604
*Attorneys for Plaintiff,*
*Southland Steel Fabricators, Inc.*

PLEASE SERVE:

Berry Contracting, LP d/b/a Bay Ltd.
Through its Registered Agent:
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA 70816

Continental Casualty Company
Through its Agent for Service of Process:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

A TRUE COPY

DEPUTY CLERK OF COURT
PLAQUEMINES PARISH, LOUISIANA

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

**ATTACHMENT 2**

## SUBCONTRACT PERFORMANCE BOND (KZJV AS AGENT FOR OBLIGEE)
Bond Number: 30154775

KNOW ALL BY THESE PRESENTS: That Berry Contracting, LP dba Bay Ltd., a Texas Limited Partnership, (hereinafter called "Principal") and Continental Casualty Company, a Illinois corporation, (hereinafter called "Surety") are held and firmly bound unto Venture Global Plaquemines LNG, LLC (hereinafter called "Obligee") and represented herein by its agent KZJV LLC (hereinafter called "Agent") in the amount of $160,726,748.50 U.S. Dollars (One Hundred Sixty Million, Seven Hundred Twenty-Six Thousand, Seven Hundred Forty-Eight & 50/100 Dollars]) (hereinafter called "Penal Sum") for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated May 12, 2022 entered into a subcontract, purchase order, or contract number PQ-000000-CTC-AGR-VGL-00005 with Obligee for the performance of Module Fabrication PRE-ASSEMBLED RACKS I, including any warranty obligations, in accordance with drawings and specifications for the construction of the Venture Global Plaquemines LNG project (hereinafter called "Project") which subcontract, purchase order, or contract is by reference made a part hereof (hereinafter called "Subcontract").

A. NOW, THEREFORE, THE CONDITIONS OF THIS OBLIGATION are such that, if Principal shall promptly and faithfully perform said Subcontract, then this obligation shall be null and void; otherwise this obligation shall remain in full force and effect, subject to the following conditions (i) Principal is in default under the Subcontract; and (ii) Principal has been declared by the Agent on behalf of the Obligee to be in default under the Subcontract; and (iii) the Obligee has performed its obligations under the Subcontract. Upon the occurrence of each of the above conditions, Surety shall have 30 calendar days (hereinafter called "Investigatory Period") from the last event to occur of the following: (a) receipt of the written notice of default; (b) the date access to the Project site is provided to Surety; or (c) the date the information and documentation in Obligee's or its Agent's possession and requested by Surety is received by the Surety, which information and documentation must be requested by Surety within ten (10) calendar days of Surety's receipt of Agent's on behalf of the Obligee written notice of default, to:

(1) Notify Obligee and Agent that Surety has elected to complete the Subcontract through independent contractor(s) retained by Surety and reasonably acceptable to the Agent on behalf of the Obligee to thereafter commence such Principal's performance with reasonable promptness. In such event that portion of the Balance of the Subcontract Price as may be required to complete the Subcontract or remedy the default and to reimburse the Surety for its expenditures shall be paid by the Obligee to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the Subcontract; or

(2) Notify Obligee and Agent that Surety has elected to arrange for a replacement subcontract, purchase order, or contract between Obligee and replacement

**Exhibit 1**

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

VENTURE GLOBAL PLAQUEMINES LNG PROJECT          AGREEMENT NO. PQ-000000-CTC-AGR-VGL-00005

subcontractor(s) reasonably acceptable to the Agent on behalf of the Obligee. In such event, Surety shall pay Obligee the difference between the cost of the replacement subcontractor(s) and the amount that would have been payable by the Obligee to the Principal had there been no default under the Subcontract. Such payments will be made as incurred by Obligee. Any payment by the Surety to Obligee shall be paid within ten (10) calendar days from the date a request for payment is made by the Agent on behalf of the Obligee to Surety; or

(3) Notify Obligee and Agent requesting Obligee complete the Subcontract. In such event, Surety shall pay Obligee the difference between the reasonable cost incurred by the Obligee to complete the Contract and the amount that would have been payable by the Obligee to the Principal had there been no default under the Subcontract. Any payment by the Surety to Obligee shall be paid within ten (10) calendar days from the date a request for payment is made by the Agent on behalf of the Obligee to Surety; or

(4) Provide financial and/or other assistance to the Principal (hereinafter called "Financing") to assist the Principal with completion of the Subcontract. In the event the Agent on behalf of the Obligee has formally terminated Principal's right to proceed under the Subcontract, this option shall be subject to the Agent on behalf of the Obligee's concurrence, which shall not be unreasonably withheld. The Obligee shall pay the Balance of the Subcontract Price in accordance with the Subcontract either to the Principal or the Surety as directed by the Surety. In the event Surety provides Financing, Surety, in its sole discretion, may upon five (5) business days prior written notice to Obligee and the Agent cease providing such Financing at any time, in which event Surety shall immediately make a further election without a further Investigatory Period under this paragraph A; or

(5) Deny liability and notify the Obligee and the Agent in writing, citing the reasons therefor; or

(6) After investigation, determine the amount for which S u r e t y may be liable to the Obligee and make payment to the Obligee within ten (10) calendar days after the amount is determined. The Obligee reserves the right to determine the adequacy of any such payment received by the Obligee and further reserves the right of any and all legal rights and remedies accordingly.

B. Obligee and/or the Agent may act pursuant to its Subcontract rights to mitigate the damages caused by the default of the Principal. To the extent that Obligee and/or Agent performs obligations under the Subcontract during this period (hereinafter called "Mitigation Work") Obligee shall be entitled to deduct the Cost of the Mitigation Work from the Balance of the Subcontract Price. To the extent the Balance of the Subcontract Price is exhausted, and Surety elects to proceed under paragraph A, subparagraphs 1, 2, 3, or 4, Surety shall reimburse Obligee for the difference between the Balance of the Subcontract Price and the Cost of the Mitigation Work incurred and paid by Obligee.

C. If Surety proceeds under paragraph A, subparagraphs 1, 2, 3, 4, or 6, Surety may additionally provide notice of Surety's election to Obligee and Agent that the Obligee's claim is disputed as to liability and/or amount and Surety is proceeding under a reservation of all rights and defenses. In that event, Surety shall make all payments otherwise called for under this bond. However, in the event it is determined that Surety is not liable, in whole or in part, under this bond and Surety expended monies in excess of the funds paid by Obligee to Surety, then Surety shall be entitled to recover the excess from Obligee.

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

VENTURE GLOBAL PLAQUEMINES LNG PROJECT                    AGREEMENT NO. PQ-000000-CTC-AGR-VGL-00005

D. The Surety's aggregate liability is limited to the Penal Sum of this bond, regardless of whether the liability arises from the actions or failure to act of Principal or Surety. All amounts expended by the Surety under paragraphs A and/or B and/or C of this bond, in excess of funds paid by Obligee to Surety, shall be credited against the Penal Sum. However, in the event it is determined that Surety expended monies in excess of the Penal Sum of this bond, then Surety shall be entitled to recover the excess from Obligee. The Penal Sum of this bond shall automatically be increased or decreased by the amount of any change order, provided the change order(s) do not, either singly or in the aggregate, exceed 10% of the original Subcontract amount. Should any change order singly or in the aggregate exceed 10% of the original Subcontract amount, Surety's written consent must be obtained by Agent on behalf of Obligee in order to increase the penal sum, which consent shall not be unreasonably withheld by the Surety.

E. Definitions:

(1) The term "Balance of the Subcontract Price," as used in this bond, shall mean the total amount payable by Obligee to Principal under the Subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee under the Subcontract.

(2) The term "Cost of the Mitigation Work" means the cost actually incurred by Obligee and/or Agent in proper performance of work under the Subcontract, including remedying defects in the work of the Principal. Such costs shall be at rates and hours not higher than the standard customarily incurred at the place of the Project except with the prior written consent of the Surety. The Cost of the Mitigation Work shall include the field and home office overhead and profit of Obligee and Agent.

F. Notwithstanding any provision in this bond and any document incorporated herein to the contrary, any proceeding, legal or equitable, under this bond must be instituted in a court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after a declaration of default or within two years after the Principal ceased working or within two years after the Surety refuses or fails to perform its obligations under this bond, whichever occurs last. If the provisions of this paragraph are void or prohibited by law, the maximum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.

G. No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators, or successors of the Obligee.

H. The parties agree that all rights and obligations of Obligee shall be exercised by its Agent, including any instructions or demand regarding any payment hereunder. All amounts to be paid shall be paid to the Obligee as directed by its Agent.

I. Any notice given or any demand made under this bond shall be given in writing by any method of delivery that provides evidence or confirmation of receipt, including personal, delivery, express courier (such as Federal Express), and prepaid certified or registered mail with return receipt requested. The Principal's address for notice is 1414 Valero Way, Corpus Christi, TX 78409. The Surety's address for notice is 151 N. Franklin St, Chicago, IL 60606. The Obligee's address for notice is 1001 19th Street North, Suite

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

VENTURE GLOBAL PLAQUEMINES LNG PROJECT                    AGREEMENT NO. PQ-000000-CTC-AGR-VGL-00005

1500, Arlington, VA 22209.  The Agent's address for notice is 527 Logwood Avenue, San
Antonio, Texas 78221.

J.  The Surety shall not be liable to the Obligee or others for obligations of the Principal that
    are unrelated to the Subcontract work and the Balance of the Subcontract Price shall not
    be impacted on account of any such unrelated obligations.

K.  The Surety hereby waives notice of change, including changes of time, to the
    Subcontract, purchase orders or other obligations.

Signed this 27th day of May, 2022.


Berry Contracting, LP dba Bay Ltd.
(Principal)

By: _____


Continental Casualty Company
(Surety)

By: _____
Stephanie Navarro, Attorney-In-Fact

## Plaquemines Parish Recording Page

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Kim Turlich-Vaughan
Clerk of Court
PO Box 40
Belle Chasse, LA 70037
(504) 934-6610

Received From :
KRACHT MADISON HUDDLESTON LLP

**First MORTGAGOR**

| PLAQUEMINES PORT HARBOR & TERMINAL DISTRICT |

**First MORTGAGEE**

| SOUTHLAND STEEL FABRICATORS INC |

Index Type :  MORTGAGE                     File # : 2024-00004279

Type of Document : MATERIALMANS LIEN

                                           Book : 859    Page : 1138

Recording Pages :          15

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Plaquemines Parish, Louisiana.

On (Recorded Date) : 11/12/2024

At (Recorded Time) : 12:30:17PM

CLERK OF COURT
KIM TURLICH-VAUGHAN
Parish of Plaquemines
I certify that this is a true copy of the attached
document that was filed for registry and
Recorded 11/12/2024 at 12:30:17
Recorded in Book  859  Page  1138
File Number 2024-00004279

Deputy Clerk

Doc ID - 006059840015

Return To :

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

## SOUTHLAND STEEL FABRICATORS, INC.'S AFFIDAVIT AND
## SWORN STATEMENT OF CLAIM AND PRIVILEGE

STATE OF LOUISIANA

PARISH OF

| | |
|---|---|
| **Claimant:** | Southland Steel Fabricators, Inc.<br>251 Greensburg Street<br>Greensburg, Louisiana 70441 |
| **Debtors:** | Venture Global Plaquemines LNG, LLC<br>1001 19th Street North, Suite 1500<br>Arlington, Virginia 22209 |
| | Bay, LTD.<br>1414 Valero Way<br>Corpus Christi, Texas 78409 |
| **Owner and<br>Landlord:** | Plaquemines Port Harbor & Terminal District<br>8056 Highway 23, Third Floor<br>Belle Chase, Louisiana 70037 |
| **Lessee and<br>Tenant:** | Venture Global Plaquemine LNG, LLC<br>1001 19th Street North, Suite 1500<br>Arlington, Virginia 22209 |
| **Amount:** | $10,240,707.39, plus interest, costs and attorney's fees |
| **Project:** | *Venture Global Plaquemines LNG Project* |

**BEFORE ME,** the undersigned Notary Public, personally came and appeared:

### DALE SEXTON

Who, after being duly sworn, stated as follows:

1. That he is the Chief Financial Officer and authorized representative for Southland Steel Fabricators, Inc. ("Claimant"), a Louisiana corporation, which is registered to do and doing business in Louisiana, with its principal place of business located at 251 Greensburg Street, Greensburg, Louisiana 70441;

2. That he is duly authorized by Claimant to execute this *Affidavit and Sworn Statement of Claim and Privilege* ("Sworn Statement"), to act herein on behalf of Claimant, and that this Sworn Statement is based on his personal knowledge;

3. That Claimant entered into a construction contract with Bay, Ltd ("Bay"), 1414 Valero Way, Corpus Christi, Texas 78409, whereby claimant furnished labor, materials, equipment and/or supplies in furtherance of the construction and development of the Venture Global Plaquemines LNG Project on immovable property which is identified in **Exhibit "A"**(the "Leased Premises"), and incorporated herein;

4. That the Leased Premises identified in **Exhibit "A"** are owned by the Plaquemines Port Harbor & Terminal District 8056 Highway 23, Third Floor, Belle Chase, Louisiana 70037, and are hereinafter collectively referred to as the "Premises";

5. That, upon information and belief, the Plaquemines Port Harbor & Terminal District leased the Premises to Venture Global pursuant to the terms and conditions of a Ground

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Lease dated July 19, 2021, as such may be further amended (the "Leasehold Interest"), notice of which was filed in the official Mortgage and Conveyance Records of Plaquemines Parish, Louisiana on July 19, 2021, under File No. 2021-00003079, at Book 1440, Page 534, as reflected by the stamp-filed copy of that certain *Notice of Ground Lease Agreement With Right of First Refusal* between Venture Global (as "Tenant") and the Plaquemine Port Harbor & Terminal District (as "Landlord") attached hereto as **Exhibit "B"**;

6. That pursuant to construction contract between Claimant and Bay, Ltd., Claimant's labor, materials, equipment and/or supplies were delivered to and actually used in and incorporated into the Project improvements and into the Premises, including without limitation into the Leasehold Interest of Venture Global in the Premises;

7. That Claimant has not been paid the amount of **TEN MILLION TWO HUNDRED FORTY THOUSAND SEVEN HUNDRED SEVEN AND 39/100 DOLLARS ($10,240,707.39)**, which amount is due and owing to Claimant for its work on the Project (the "Claim"). (*See* Itemized Summary of cost and outstanding balance for the Scope of Work attached as **Exhibit "C"**).

8. That Claimant hereby makes, files and records this Sworn Statement to preserve its Claim against Bay and its Claim and Privilege against Venture Global's Leasehold Interest in the Premises in accordance with the Private Works Act (LSA-R.S. 9:4801, *et seq*.)

9. That all conditions precedent have been satisfied and that this Sworn Statement is made for the purpose of preserving the Claim and all Claimants' rights and privileges as permitted by law against Bay, Venture Global and Venture Global's Leasehold Interest in the Premises, including without limitation the incorporated improvements and against all persons or entities identified above, plus interest, costs and attorney's fees, with full reservation of its rights to assert contractual and delictual claims, and that this Claim is due, owing and unpaid, and that all just credits have been allowed.

**SWORN TO AND SUBSCRIBED BEFORE ME**, the undersigned Notary, in Greensburg, Louisiana, on this, the 31 day of October 2024.

SOUTHLAND STEEL FABRICATORS, INC.

By: _____
    Bill Sexton - CFO
    Authorized Representative

_____
NOTARY PUBLIC

RAYMOND L. SMITH
Notary Public
State of Louisiana
Livingston Parish
Notary ID # 88564
My Commission is for Life

2

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

## EXHIBIT A

**TRACT DR-5**

A CERTAIN PARCEL OF LAND, together with and inclusive of batture and all batture rights, thereunto belonging or in anywise appertaining situated in the Parish of Plaquemines, State of Louisiana on the right descending bank of the Mississippi River, situated in Township 17 South, Range 25 East, Sections 1 and 2, and Township 17 South, Range 26 East, Sections 21 and 22, Deer Range Plantation, Plaquemines Parish, Louisiana and being more fully described as follows:

Commencing and Beginning at the point of intersection of the common line of Tract DR-1 and Tract DR-5 of Deer Range Plantation, with the northeasterly right of way of Louisiana State Highway Number 23, said point being marked with a 2 inch iron pipe and having a 1983 Louisiana State Plane Coordinate (South Zone) of X=3,738,050.70 feet and Y=405,989.68 feet; thence North 33 degrees 22 minutes 41 seconds East, along said common line to the point of intersection with the Mean Low Water Plane of the Mississippi River a distance of 1,026 feet, more or less;

Thence downriver along said Mean Low Water Plane of the Mississippi River to the point of intersection with the upriver line of parcel B-1, a distance of 7,105 feet, more or less;

Thence; South 4 degrees 45 minutes 47 seconds West along said upriver line of parcel B-1 to the point of intersection with the northerly line of the State of Louisiana Tract 1-2, a distance of 655 feet, more or less;

Thence along said northerly line of the State of Louisiana Tract 1-2 for the next three courses;

Thence North 85 degrees 14 minutes 09 seconds West to the point of curvature of a curve concave to the right, a distance of 2,223.67 feet;

Thence along said curve concave to the right having a radius of 2864.90 feet, a length of 926.69 feet and a chord bearing North 75 degrees 58 minutes 10 seconds West for a distance of 922.65 feet to the point of tangency;

Thence North 66 degrees 42 minutes 10 seconds West to the point of intersection with the common line of the State of Louisiana Tract 1-2 and the State of Louisiana Tract 1-1, a distance of 4,100.85 feet to a point;

Thence along the northerly line of the State of Louisiana Tract 1-1 for the next three courses;

Thence North 66 degrees 42 minutes 10 seconds West to the point of curvature of a curve concave to the left, a distance of 76.43 feet;

Thence along said curve concave to the left having a radius of 7529.44 feet, a length of 250.73 feet and a chord bearing North 67 degrees 39 minutes 01 second West for a distance of 250.72 feet to the point of tangency;

Thence North 68 degrees 35 minutes 53 seconds West a distance of 49.54 feet to a point;

Thence North 33 degrees 22 minutes 41 seconds East a distance of 146.56 feet to the point of intersection with the northeasterly right of way of Louisiana State Highway Number 23, and the POINT OF BEGINNING.

All as more fully described in that certain Cash Sale to Plaquemines Port Harbor & Terminal District, recorded December 9, 2013 under File Number 2013-00005489, Book 1308, Page 52, Plaquemines Parish Clerk of Court's Office , as corrected by that certain Act of Correction to

15



ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Cash Sale recorded October 26, 2020 under File Number 2020-00004504, Book 1430, Page 970, Plaquemines Parish Clerk of Court's Office.

And

## TRACT DR-3

A CERTAIN PARCEL OF LAND, together with and inclusive of batture and all batture rights thereunto belonging or in anywise appertaining situated in the Parish of Plaquemines, State of Louisiana on the right descending bank of the Mississippi River, situated in Township 17 South, Range 25 East, Sections 1, 2 and 3, Deer Range Plantation, Plaquemines Parish, Louisiana and being more fully described as follows:

Commencing as the point of intersection of the common line of Tract DR-1 and Tract DR-5 of Deer Range Plantation, with the northeasterly right of way of Louisiana State Highway Number 23, said point being marked with a 2 inch iron pipe and having a 1983 Louisiana State Plane Coordinate (South Zone) of X=3,738,050.70 feet and Y=405,989.68 feet; thence South 33 degrees 22 minutes 41 seconds West, along said common line a distance of 61.24 feet to the point of intersection with a line 50.00 feet northerly of the centerline of the old highway (southbound lane), said line being the southwesterly line of Tract DR-1; thence continuing South 33 degrees 22 minutes 41 seconds West to the point of intersection with the northeasterly line of the State of Louisiana Tract 1-1, a distance of 85.32 feet, thence continuing South 33 degrees 22 minutes 41 seconds West across State of Louisiana Tract 1-1, a distance of 81.36 feet to the point of intersection with the southwesterly line of said State of Louisiana Tract 1-1, said point also being the point of intersection with the common line of Tracts DR-2A and DR-3 and the POINT OF BEGINNING.

Thence South 59 degrees 39 minutes 03 seconds East, along the common line of said Tract 1-1 and DR-3, a distance of 115.82 feet to a point;

Thence South 66 degrees 42 minutes 54 seconds East, continuing along said common line of said Tract 1-1 and DR-3 to the point of intersection with the common line of said Tract 1-1 and the State of Louisiana Tract 1-2 distance of 272.80 feet.

Thence continuing South 66 degrees 42 minutes 54 seconds East, along the common line of said Tract 1-2 and DR-3, a distance of 2927.20 feet to a point.

Thence South 66 degrees 13 minutes 10 seconds East, continuing along said common line to the point of intersection with the common line of Tract DR-3 and DR-4, a distance of 1,044.29 feet.

Thence South 32 degrees 33 minutes 49 seconds West, along said common line to the point of intersection with the common line of Duckland, L.L.C. and Tract DR-3, a distance of 4,376.91 feet;

Thence North 77 degrees 09 minutes 29 seconds West, along said common line of Duckland, L.L.C. and Tract DR-3 a distance of 2,359.62 feet to a point.

Thence North 52 degrees 40 minutes 26 seconds West continuing along the common line of Duckland, L.L.C. and Tract DR-3 to the point of intersection with the common line of Tract DR-2A and DR-3, a distance of 2,153.48 feet.

Thence North 33 degrees 22 minutes 41 seconds East, a distance of 4,314.92 feet along said common line to the point of intersection with the common line of State of Louisiana Tract 1-1 and DR-3, and the POINT OF BEGINNING.

All as more fully described in that certain Cash Sale to Plaquemines Port Harbor & Terminal District, recorded December 9, 2013 under File Number 2013-00005489, Book 1308, Page 52, Plaquemines Parish Clerk of Court's Office, as corrected by that certain Act of Correction to

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Cash Sale recorded October 26, 2020 under File Number 2020-00004504, Book 1430, Page 970, Plaquemines Parish Clerk of Court's Office

17

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
000069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

## Plaquemines Parish Recording Page

Kim Turlich-Vaughan
Clerk of Court
PO Box 40
Belle Chasse, LA 70037
(504) 934-6810

Received From :
    KEAN MILLER LLP
    400 CONVENTION ST 7TH FL
    BATON ROUGE, LA 70802

First VENDOR
VENTURE GLOBAL PLAQUEMINES LNG LLC

First VENDEE
PLAQUEMINES PORT HARBOR & TERMINAL DISTRICT

Index Type : CONVEYANCE                     File Number : 2021-00003079

Type of Document : NOTICE
                                            Book : 1440      Page : 534
Recording Pages :            8

### Recorded Information

I hereby certify that the attached document was filed for registry and recorded in the Clerk of Court's office for Plaquemines Parish, Louisiana.

On (Recorded Date) : 07/19/2021

At (Recorded Time) : 2:44:58PM

Doc ID - 005474880008

Return To :

EXHIBIT
B

Do not Detach this Recording Page from Original Document

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

WHEN RECORDED, RETURN TO:

Venture Global Plaquemines LNG, LLC
1001 19th Street North, Suite 1500
Arlington, Virginia 22209
Attn: Keith Larson

---

STATE OF LOUISIANA

PARISH OF PLAQUEMINES

### NOTICE OF GROUND LEASE AGREEMENT WITH RIGHT OF FIRST REFUSAL

#### (632.998 Acres)

    This Notice of Ground Lease with Right of First Refusal (this "Notice") is made and entered into as of July 19, 2021 (the "Effective Date") by and between VENTURE GLOBAL PLAQUEMINES LNG, LLC, a Delaware limited liability company, whose address is 1001 19th Street North, Suite 1500, Arlington, Virginia 22209 (the "Tenant"), and THE PLAQUEMINES PORT, HARBOR AND TERMINAL DISTRICT, political subdivision of the State of Louisiana, whose address is 8056 Highway 23, Third Floor, Belle Chasse, LA 70037 (the "Landlord").

#### Recitals:

A.    Landlord is the owner of that certain immovable property in the Parish of Plaquemines, State of Louisiana, described in Exhibit A together with certain water and surface and subsurface land rights and improvements (the "Site").

B.    Landlord and Tenant entered into that certain Ground Lease Agreement effective as of the Effective Date (the "Lease") and pursuant to the Lease, Tenant has leased the Site from Landlord and has Landlord has also granted to Tenant a right of first refusal to purchase the Site upon the terms and conditions as more fully described therein.

C.    Landlord and Tenant desire to execute this Notice, which is to be recorded in order that third parties may have notice of Tenant's interest in the Site pursuant to the Lease and Tenant's and Landlord's addresses. Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the Lease.

    NOW THEREFORE, in consideration of the foregoing recitals, the parties affirm as follows:

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

1.  <u>Term</u>. The Initial Term shall be thirty (30) years commencing as of the Effective Date and Tenant shall be permitted to extend the Initial Term for up to four (4) additional ten (10) year terms.

2.  <u>Right of First Refusal</u>. Landlord has granted Tenant a right of first refusal to purchase the Site upon the terms and conditions as more fully described therein.

3.  <u>Incorporation of Lease Provisions</u>. The remaining provisions of the Lease are hereby incorporated herein by reference.

4.  <u>Conflicts with Lease Agreement</u>. This Notice is intended to provide notice of the Lease and Tenant's interests in the Site. The terms of this Notice shall not be interpreted to modify or amend the respective rights and obligations of Landlord and Tenant under the Lease or any other agreement, and in the event of any conflict between the terms of the Lease and/or any other agreement on the one hand and this Notice on the other hand, the terms of the Lease and/or other agreement shall prevail.

5.  <u>Counterparts</u>. This Notice may be executed in one or more counterparts, all of which shall be deemed an original.

[Signatures on following page]

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

STATE OF LOUISIANA

PARISH OF JEFFERSON

     THUS DONE AND PASSED, before me, Notary, on the 19 day of July 2021, in the presence of the undersigned competent witnesses, who hereunto sign their names with the appearer and me, Notary, after due reading of the whole.

LANDLORD:

THE PLAQUEMINES PORT HARBOR
AND TERMINAL DISTRICT

By: _____
Name: Maynard J. Sanders
Title: Executive Director

WITNESSES:

_____
Print Name: _Robert L. Seegers, Jr._

_____
Print Name: _Niki W. Kelly_

_____
Notary Public
Name: _J Kendall Rawson_
Notary No: _17765_
My Commission Expires: _Upon Death_

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

STATE OF ___Virginia___

PARISH/COUNTY OF ___Arlington___

    **THUS DONE AND PASSED**, before me, Notary, on the _14_ day of ___July___ 2021, in the presence of the undersigned competent witnesses, who hereunto sign their names with the appearer and me, Notary, after due reading of the whole.

TENANT:

**VENTURE GLOBAL PLAQUEMINES LNG, LLC**

By: _____
Name: Keith Larson
Title: Secretary

WITNESSES:

Print Name: John Thomson

Print Name: Sean Cammiller

Notary Public
Name: Annette B. Thrash
Notary No: 7756142
My Commission Expires: 6/30/22

ANNETTE B. THRASHER
NOTARY PUBLIC
REG. #7756142
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JUNE 30, 2022

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

## EXHIBIT A
## TO NOTICE OF LEASE

**TRACT DR-5**

A CERTAIN PARCEL OF LAND, together with and inclusive of batture and all batture rights, thereunto belonging or in anywise appertaining situated in the Parish of Plaquemines, State of Louisiana on the right descending bank of the Mississippi River, situated in Township 17 South, Range 25 East, Sections 1 and 2, and Township 17 South, Range 26 East, Sections 21 and 22, Deer Range Plantation, Plaquemines Parish, Louisiana and being more fully described as follows:

Commencing and Beginning at the point of intersection of the common line of Tract DR-1 and Tract DR-5 of Deer Range Plantation, with the northeasterly right of way of Louisiana State Highway Number 23, said point being marked with a 2 inch iron pipe and having a 1983 Louisiana State Plane Coordinate (South Zone) of X=3,738,050.70 feet and Y=405,989.68 feet; thence North 33 degrees 22 minutes 41 seconds East, along said common line to the point of intersection with the Mean Low Water Plane of the Mississippi River a distance of 1,020 feet, more or less;

Thence downriver along said Mean Low Water Plane of the Mississippi River to the point of intersection with the upriver line of parcel B-1, a distance of 7,105 feet, more or less;

Thence, South 4 degrees 45 minutes 47 seconds West along said upriver line of parcel B-1 to the point of intersection with the northerly line of the State of Louisiana Tract 1-2, a distance of 655 feet, more or less;

Thence along said northerly line of the State of Louisiana Tract 1-2 for the next three courses;

Thence North 85 degrees 14 minutes 09 seconds West to the point of curvature of a curve concave to the right, a distance of 2,223.67 feet;

Thence along said curve concave to the right having a radius of 2864.90 feet, a length of 926.69 feet and a chord bearing North 75 degrees 58 minutes 10 seconds West for a distance of 922.65 feet to the point of tangency;

Thence North 66 degrees 42 minutes 10 seconds West to the point of intersection with the common line of the State of Louisiana Tract 1-2 and the State of Louisiana Tract 1-1, a distance of 4,100.85 feet to a point;

Thence along the northerly line of the State of Louisiana Tract 1-1 for the next three courses;

Thence North 66 degrees 42 minutes 10 seconds West to the point of curvature of a curve concave to the left, a distance of 76.43 feet;

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Thence along said curve concave to the left having a radius of 7529.44 feet, a length of 250.73 feet and a chord bearing North 67 degrees 39 minutes 01 second West for a distance of 250.72 feet to the point of tangency;

Thence North 68 degrees 35 minutes 53 seconds West a distance of 49.54 feet to a point;

Thence North 33 degrees 22 minutes 41 seconds East a distance of 146.56 feet to the point of intersection with the northeasterly right of way of Louisiana State Highway Number 23, and the POINT OF BEGINNING.

All as more fully described in that certain Cash Sale to Plaquemines Port Harbor & Terminal District, recorded December 9, 2013 under File Number 2013-00005489, Book 1308, Page 52, Plaquemines Parish Clerk of Court's Office, as corrected by that certain Act of Correction to Cash Sale recorded October 26, 2020 under File Number 2020-00004504, Book 1430, Page 970, Plaquemines Parish Clerk of Court's Office.

And

**TRACT DR-3**

A CERTAIN PARCEL OF LAND, together with and inclusive of batture and all batture rights thereunto belonging or in anywise appertaining situated in the Parish of Plaquemines, State of Louisiana on the right descending bank of the Mississippi River, situated in Township 17 South, Range 25 East, Sections 1, 2 and 3, Deer Range Plantation, Plaquemines Parish, Louisiana and being more fully described as follows:

Commencing as the point of intersection of the common line of Tract DR-1 and Tract DR-5 of Deer Range Plantation, with the northeasterly right of way of Louisiana State Highway Number 23, said point being marked with a 2 inch iron pipe and having a 1983 Louisiana State Plane Coordinate (South Zone) of X=3,738,050.70 feet and Y=405,989.68 feet; thence South 33 degrees 22 minutes 41 seconds West, along said common line a distance of 61.24 feet to the point of intersection with a line 50.00 feet northerly of the centerline of the old highway (southbound lane), said line being the southwesterly line of Tract DR-1; thence continuing South 33 degrees 22 minutes 41 seconds West to the point of intersection with the northeasterly line of the State of Louisiana Tract 1-1, a distance of 85.32 feet, thence continuing South 33 degrees 22 minutes 41 seconds West across State of Louisiana Tract 1-1, a distance of 81.36 feet to the point of intersection with the southwesterly line of said State of Louisiana Tract 1-1, said point also being the point of intersection with the common line of Tracts DR-2A and DR-3 and the POINT OF BEGINNING.

Thence South 59 degrees 39 minutes 03 seconds East, along the common line of said Tract 1-1 and DR-3, a distance of 115.82 feet to a point;

Thence South 66 degrees 42 minutes 54 seconds East, continuing along said common line of said Tract 1-1 and DR-3 to the point of intersection with the common line of said Tract 1-1 and the State of Louisiana Tract 1-2 distance of 272.80 feet.

ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
00069471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court

Thence continuing South 66 degrees 42 minutes 54 seconds East, along the common line of said Tract 1-2 and DR-3, a distance of 2927.20 feet to a point.

Thence South 66 degrees 13 minutes 10 seconds East, continuing along said common line to the point of intersection with the common line of Tract DR-3 and DR-4, a distance of 1,044.29 feet.

Thence South 32 degrees 33 minutes 49 seconds West, along said common line to the point of intersection with the common line of Duckland, L.L.C. and Tract DR-3, a distance of 4,376.91 feet;

Thence North 77 degrees 09 minutes 29 seconds West, along said common line of Duckland, L.L.C. and Tract DR-3 a distance of 2,359.62 feet to a point.

Thence North 52 degrees 40 minutes 26 seconds West continuing along the common line of Duckland, L.L.C. and Tract DR-3 to the point of intersection with the common line of Tract DR-2A and DR-3, a distance of 2,153.48 feet.

Thence North 33 degrees 22 minutes 41 seconds East, a distance of 4,314.92 feet along said common line to the point of intersection with the common line of State of Louisiana Tract 1-1 and DR-3, and the POINT OF BEGINNING.

All as more fully described in that certain Cash Sale to Plaquemines Port Harbor & Terminal District, recorded December 9, 2013 under File Number 2013-00005489, Book 1308, Page 52, Plaquemines Parish Clerk of Court's Office, as corrected by that certain Act of Correction to Cash Sale recorded October 26, 2020 under File Number 2020-00004504, Book 1430, Page 970, Plaquemines Parish Clerk of Court's Office.

Southland Steel Fabricators, Inc

## Aging Detail by Customer

10-15-2024          Page 1

| Tran Type | ID | Date | Amount | Current Column | Over 30 Column | Over 60 Column | Over 90 Column | Over 120 Column | Retainage |
|-----------|-----|------|--------|----------------|----------------|----------------|----------------|-----------------|-----------|
| **10-BAYLTD** | **BAY LTD.** | | | (351)693-2100 | | | | | |
| Invoice | 17651 | 04-23-2024 | 3,244,039.12 | | | | | 3,244,039.12 | |
| AR credit | 1298 | 09-30-2024 | 738,143.10- | | | | | 738,143.10- | |
| Invoice | 176560 | 04-30-2024 | 437,046.05 | | | | | 437,046.05 | |
| Invoice | 17664 | 05-23-2024 | 2,690.37 | | | | | 2,690.37 | |
| Invoice | 17658 | 05-31-2024 | 578,790.56 | | | | | 578,790.56 | |
| Invoice | 17678 | 07-08-2024 | 41,064.00 | | | | 41,064.00 | | |
| Invoice | 17704 | 10-03-2024 | 6,675,220.39 | 6,675,220.39 | | | | | |
| | | **BAY LTD. Totals** | 10240,707.39* | 6,675,220.39* | .00* | .00* | 41,064.00* | 3,524,423.00* | .00* |
| | | **Report Totals** | 10240,707.39* | 6,675,220.39* | .00* | .00* | 41,064.00* | 3,524,423.00* | .00* |



ELECTRONICALLY FILED
2025 Jan 30 10:59 AM
0009471
Plaquemines Parish LA - 25th JDC
Kim Turlich-Vaughan, Clerk of Court